**ORIGINAL**

United States Courts
Southern District of Texas
FILED

DEC 1 9 2003

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Maggie Howe, on Behalf of Herself and Others Similarly Situated, | § § | CIVIL ACTION NO. H-03-4298 |
| *Plaintiffs* | § § § | |
| vs. | § § | |
| Hoffman-Curtis Partners Ltd., LLP, Hoffman-Curtis Partners Ltd., LP, Hoffman-Curtis, P.A., Horizon Radiology, P.A., Dr. Frank C. Powell, And Dr. Hans H. Truong, | § § § § § § § | |
| *Defendants.* § | | COLLECTIVE ACTION |

## MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM

### I. Introduction

Maggie Howe sued Defendants to recover unpaid overtime wages owed under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201 *et seq.* In response, the Defendants filed counterclaims against Howe alleging the lawsuit is "frivolous, groundless, and brought for purposes of harassment." However, counterclaims are not allowed in FLSA cases. Similarly, Defendants cannot raise a counterclaim for purported violations of Rule 11 or 28 U.S.C. § 1927. Thus, pursuant to FED. R. CIV. P. 12(b)(6), this Court should dismiss Defendants' counterclaim.

### II. Argument

Counterclaims like those asserted by the Defendants are not permitted in FLSA cases. The Fifth Circuit explained the rationale for forbidding counterclaims in FLSA cases:



> The FLSA decrees a minimum unconditional payment and the commands of the [FLSA] are not to be vitiated by an employer . . . Arguments and disputations over claims against those wages are foreign to the genesis, history and interpretation of the [FLSA]. The *only* economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act . . . .

*Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *overruled on other grounds*, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988) (emphasis added).

Permitting such claims, "real or imagined, . . . would delay and even subvert" the goals of the FLSA by further delaying the payment of lawfully owed wages. *Donovan v. Pointon*, 717 F. 2d 1320, 1323 (10th Cir. 1983). Counterclaims are simply not permitted in FLSA cases. *See Morrisroe v. Goldsboro Mill. Co.*, 884 F. Supp. 192, 195-96 (E.D.N.C. 1994) (granting motion to dismiss and striking employer's counter-claim); *Marshall v. Wallace Oil Co., Inc.*, 1980 WL 2101, *2 (N.D. Ga. 1980) (striking employer's counter-claim).

Further, to the extent that Defendants are seeking sanctions under FED. R. CIV. P. 11, the counterclaim must be stricken. *See Nolen v. Henderson Nat. Corp.*, 986 F.2d 1428, 1993 WL 26817, at *3 (10th Cir. 1993) (table) ("However, courts do not appear to allow Rule 11 to form a basis for a counterclaim, but instead allow Rule 11 sanctions only upon motion."); *Sound Video Unlimited, Inc. v. Video Shack Inc.*, 700 F.Supp. 127, 149 (S.D.N.Y. 1988) (barring counterclaim for "baseless litigation;" Rule 11 claim "is not properly interposed as a counterclaim in the litigation" but should be made by motion at conclusion of case); *Lenoir v. Tannehill*, 660 F. Supp. 42, 44 (S.D. Miss. 1986) ("It seems that Defendants/Counterplaintiffs are pressing the theory that Rule 11 has created a

bad faith type tort claim in favor of a party who has been subjected to frivolous harassing or vexatious litigation. The Court declines to embrace Defendants/Counterplaintiffs' vision of the reach of Rule 11."); *Sosland Pub. Co. v. Mulholland*, NO. 87 CIV. 8432 (MBM), 1988 WL 87335, *1 (S.D.N.Y. Aug 17, 1988) ("Rule 11 is not a permissible basis for a claim for relief, whether raised in the complaint or in the answer as a counterclaim.").

Similarly, any purported counterclaim for sanctions under 28 U.S.C. § 1927 is inappropriate and must be stricken. *French v. Chosin Few, Inc.*, 173 F. Supp. 2d 451, 456 (W.D.N.C. 2001), *aff'd*, 2003 WL 1908739 (4th Cir. Apr 22, 2003); *Wielgos v. Commonwealth Edison Co.*, 688 F. Supp. 331, 345 (N.D.Ill. 1988), *aff'd*, 892 F.2d 509 (7th Cir. 1989).

### III. Conclusion

Defendants want to clutter these proceedings with various imagined claims. However, the law prohibits such a result. *Brennan v. Heard*, 491 F. 2d at 4; *see also, Marshall v. Wallace*, 1980 WL 2101, at *2. Accordingly, Defendants' counter-claims should be stricken.

Respectfully submitted,

Howard L. Steele, Jr.
State Bar No. 24002999
S.D. of Texas No. 21615
Attorney-in-Charge for Plaintiffs

OF COUNSEL:

CALDWELL & CLINTON P.L.L.C.
1000 First City Tower
1001 Fannin
Houston, Texas 77002
Telephone: (713) 654-3000
Telecopier: (713) 654-3002

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the above and foregoing has been this day served on Defendants' attorney in charge, Anthony L. Laporte, 4309 Yoakum, P. O. Box 270353, Houston, Texas 77006, via facsimile and/or U.S. Mail, in accordance with the Federal Rules of Civil Procedure on December 18th, 2003.

_____
Howard L. Steele, Jr.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Maggie Howe, on Behalf of Herself and Others Similarly Situated, | § § | CIVIL ACTION NO. H-03-4298 |
| *Plaintiffs* | § § | |
| vs. | § § | |
| Hoffman-Curtis Partners Ltd., LLP, Hoffman-Curtis Partners Ltd., LP, Hoffman-Curtis, P.A., Horizon Radiology, P.A., Dr. Frank C. Powell, And Dr. Hans H. Truong, | § § § § § § § | |
| *Defendants*. | § | COLLECTIVE ACTION |

## ORDER

Pending before the Court is Plaintiff's Motion to Strike Counterclaim and the Defendants' response. Having considered the motion and the arguments set out therein, the Court finds that the Plaintiff's Motion to Strike Counterclaim is meritorious and should be granted. It is, therefore,

ORDERED that the Plaintiff's Motion to Strike Counterclaim is Granted and Defendants' Counterclaim is STRICKEN.

Signed this the _____ day of _____, 2004.

_____
United States District Judge