IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAGGIE HOWE, on behalf of herself and others similarly situated, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. H – 03 – 4298 |
| HOFFMAN-CURTIS PARTNERS LTD., LLP, et al., | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Grant Leave to Amend Pleadings (Doc. #54). The Motion is **DENIED**.

This case was filed in October 2003. Under the Scheduling Order, the parties had until August 2, 2004, to amend their pleadings. The case is set for trial at the end of the month, but Defendants now seek leave to amend their pleadings to add the affirmative defense of "excessive demand."

Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enterprises v. Southwest Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) states that "[a] schedule shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enterprises*, 315 F.3d at 535 (quotation and citation omitted). If Defendants demonstrate good cause to amend the Scheduling Order, then the more

liberal standard of Rule 15(a) governs the Court's decision to grant or deny leave to amend. *Id.* at 536.

In deciding Defendants' untimely Motion to Amend Pleadings, the Court should consider: (1) Defendants' explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id.*

Defendants' explanation for seeking amendment at this late date is that the "excessive demand" defense arose as part of defense counsel's preparation for trial. The Court is not persuaded that this is "good cause' under Rule 16(b). As Defendants admit, the parties each propounded discovery, took depositions, and filed comprehensive cross-motions for summary judgment in the fall of 2004. Given the extent of discovery that the parties conducted more than six months ago, Defendants do not adequately explain why they could not have sought leave to add this affirmative defense earlier in the proceedings.

Plaintiff would be prejudiced by allowing the amendment because she would need to conduct additional discovery to respond to the affirmative defense. Although Defendants state that they are amenable to a continuance of the case, the Court finds that a continuance would unnecessarily delay the trial. Defendants were not diligent in seeking to add this third affirmative defense, and the denial of the amendment is not fatal to Defendants' case.

For the foregoing reasons, Defendants' Motion to Grant Leave to Amend Pleadings (Doc. # 54) is **DENIED**.

IT IS SO ORDERED.

SIGNED this 11th day of April, 2005.

                                          KEITH P. ELLISON
                                          UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**