IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAGGIE HOWE, on behalf of herself and others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H – 03 – 4298 |
| HOFFMAN-CURTIS PARTNERS LTD., LLP, et al., | § § § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

Pending before the Court are Plaintiff's Motion for Entry of Judgment (Doc. #78) and Defendants' Motion for Entry of Judgment (Doc. #80). The parties dispute the amount Plaintiff is due in overtime and liquidated damages. Both Motions are **DENIED**.

I. **BACKGROUND**

This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Plaintiff seeks to recover unpaid wages from her former employers. At trial, the jury determined that Plaintiff was an employee of Defendants and worked a total of 207 hours of overtime. The issues left for the Court to decide are: (1) Plaintiff's overtime compensation; (2) liquidated damages; and (3) attorneys' fees.[1]

II. **OVERTIME COMPENSATION**

Plaintiff's hourly wage must be determined in order to compute her overtime wage. At trial, it was undisputed that Plaintiff was to be paid $50,000 to work for Defendants for one year. All parties clearly understood that Plaintiff was expected to work 79.5 hours every other week,

---

[1] The issue of attorneys' fees will be discussed at a future hearing and therefore is not addressed here.

so that she worked a total of 26 weeks out of the year.[2] Also undisputed is the fact that the $50,000 annual salary included a $10,000 car allowance, so that Plaintiff was being paid $40,000 per year for her services.

To determine overtime compensation, the Court must calculate Plaintiff's regular hourly rate of pay. In order to calculate the hourly rate of pay for salaried employees, the Court must determine Plaintiff's work period salary. *Singer v. City of Waco*, 324 F.3d 813, 823 (5th Cir. 2003). Plaintiff made $40,000/year to work for 26 weeks; Plaintiff's weekly salary is thus $1538.46.[3] The regular rate of pay is then determined by dividing the work period salary by the number of hours actually worked in a particular work period. *Id*. at 824. The Fifth Circuit has explained "that, in determining the regular rate of pay, the district court should divide the work period salary 'by the number of regular hours which may be worked in that work period.'" *Id*. (quoting *Lee v. Coahoma County*, 37 F.3d 1068, 1069 (5th Cir. 1993)). "[T]he term 'regular hours' is [] defined as the hours normally and regularly worked by an employee." *Id*. Regular hours can include both non-overtime and overtime hours because some employees' regular schedules include overtime. *Id*.

As was clear at trial, Plaintiff was expected to work 79.5 hours every other week – she regularly worked overtime hours and therefore they are included in calculating her regular rate of pay. To determine her regular rate of pay, the Court divides $1538.46, which is her weekly salary, by 79.5, the number of hours she regularly worked in a week, to arrive at $19.35. This method of calculation is reinforced by the fact that "[u]nder the FLSA, the regular hourly rate for salaried employees 'is computed by dividing the salary by the number of hours which the salary is intended to compensate.'" *Id*. (quoting 29 C.F.R. § 778.113(a)). The parties clearly

---

[2] Plaintiff would work 79.5 hours one week, and 0 hours the next.
[3] $40,000 divided by 26.

understood that Plaintiff's salary was intended to compensate her for 79.5 hours of work every other week.

After an employee has worked over 40 hours in one week, the FLSA generally requires an employer to pay overtime compensation at a rate of one and one-half times the regular hourly rate. *Id*. at 818. Defendants argue that the Court should use the less common "fluctuating method" to calculate overtime compensation and only compensate Plaintiff at one-half her regular hourly rate. The Fifth Circuit explained the "fluctuating method" in *Singer*:

> Under the fluctuating method, an employee's work period salary compensates him for all of his non-overtime hours, and part of his overtime hours. As a result, the employee's overtime hours are multiplied only by one-half (instead of one and one-half) the regular rate of pay. In other words, the employee, instead of receiving "time and a half" for his overtime hours, receives only "a half."

*Id*. at 825 n.4 (citation omitted).

The logic of the "fluctuating method" is that the employee's salary already compensates the employee's overtime hours at the regular rate, thus an additional payment for overtime hours at one-half such rate is all that is necessary to satisfy the overtime pay requirement. 29 U.S.C. § 778.114(a). Defendants are not entitled to the "fluctuating method," however, because "[a]n employer can use this method only if the employer and employee have a 'clear mutual understanding' that the method applies." *Singer*, 324 F.3d at 825 n.4 (quoting 29 C.F.R. 778.114(a)). In this case, there was no evidence of such a "clear mutual understanding."

Plaintiff is entitled to time and a half for the overtime hours that she worked; her overtime rate is thus $29.03.[4] The jury determined that Plaintiff worked 207 hours of overtime, so she is due $6009.21 in overtime pay.[5] Both sides agree that Defendants also owe Plaintiff

---

[4] The regular hourly rate, $19.35, multiplied by 1.5.
[5] $29.03 multiplied by 207.

3

$4166.67 for her final month of work. Defendants thus owe Plaintiff $10,175.88 in unpaid wages.[6]

## III.   LIQUIDATED DAMAGES

Plaintiff is also entitled to receive an additional $10,175.88 in liquidated damages. An employer who violates the FLSA is liable for the unpaid wages and "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "At one time, this liquidated damages assessment was mandatory. However, the district court can now decline to award such damages (or reduce the amount) if the court concludes that the employer acted in 'good faith' and had 'reasonable grounds' to believe that its actions complied with the FLSA." *Singer*, 324 F.3d at 822-23 (quoting 29 U.S.C. § 260) (citation omitted). This is a substantial burden for an employer to carry. *Id*. at 823. Even if an employer demonstrates "good faith" and "reasonable grounds," however, the district court may still award the full amount of liquidated damages provided by 29 U.S.C. § 216. 29 U.S.C. § 260. Because Defendants have not made the necessary showing, the Court declines to reduce the amount of liquidated damages permitted by 29 U.S.C. § 216.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Entry of Judgment (Doc. #78) and Defendants' Motion for Entry of Judgment (Doc. #80) are **DENIED**. Defendants are jointly and severally liable to Plaintiff for the sum of $20,351.76,[7] plus post-judgment interest at a rate of 3.28%.

---

[6] $6009.21 plus $4166.67.
[7] $10,175.88 in unpaid wages plus $10,175.88 in liquidated damages.

4

IT IS SO ORDERED.

SIGNED this 8th day of June, 2005.

                                      KEITH P. ELLISON
                                      UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**