UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAGGIE HOWE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-03-4298 |
| | § | |
| HOFFMAN-CURTIS PARTNERS LTD LLP, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff has submitted a Motion to Modify Judgment (Doc. #84) and Defendants have submitted a Motion to Reconsider Final Judgment (Doc. #87). For the following reasons, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**, and Defendant's Motion is **DENIED**.

**I.   BACKGROUND**

Plaintiff sued Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., to recover unpaid wages. The Court entered judgment for Plaintiff in the amount of $20,351.76, plus post-judgment interest at a rate of 3.28%. Plaintiff alleges that there were two errors in the Court's calculation of the regular rate: (1) the Court should have divided the weekly salary by 40 hours, instead of 79.5; and (2) the $10,000 car allowance should have been included in determining Plaintiff's regular rate. Defendants argue that the Court erred in not applying the fluctuating work week to compute the amount of overtime pay.

**II.   WEEKLY HOURS**

Plaintiff argues that the Court erred in relying on *Singer v. City of Waco*, 324 F.3d 813

(5th Cir. 2003), which addressed a fixed "work period" for public employees, as opposed to a "work week" for a private employee. Plaintiff reiterates her contention that her weekly salary should have been divided by 40 hours, not 79.5, because the Supreme Court has held that the regular rate only applies to non-overtime hours. *149 Madison Ave. Corp. v. Asselta*, 331 U.S. 199, 204 (1947).

This case presents a highly unusual work schedule that does not fit squarely into the contours of the FLSA. For example, the regulations regarding salaried employees state that:

> Where the salary covers a period longer than a workweek, such as a month, it must be reduced to its workweek equivalent. A monthly salary is subject to translation to its equivalent weekly wage by multiplying by 12 (the number of months) and dividing by 52 (the number of weeks).

29 C.F.R. § 778.113(b). Had the Court followed this formulation, then Plaintiff's weekly salary would have been $961.54,[1] resulting in an hourly rate of $24.04.[2] This is slightly less than the rate reached by the Court. Strict adherence to this regulation does not allow the Court to account for the fact that Plaintiff worked every other week. Likewise, strict adherence to the regulations that calculate a regular rate based on 40 hours/week does not account for the reality that Plaintiff's monthly salary was so high because it was intended to compensate her for a full month's hours, though she was expected to complete them in the space of two weeks.

Plaintiff would have the Court use the *Singer* analysis, which applies to public employees, to conclude that Plaintiff's work period salary was $1923.08 (rather than using the FLSA regulations, which results in a weekly salary of $961.54), and then strictly adhere to the FLSA regulations for private employees to determine that her weekly salary should have only

---

[1] Plaintiff was paid $4166.67 every month. Following the formulation in the regulations, $4166.67 multiplied by 12 months and divided by 52 weeks equals $961.54.
[2] $961.54 divided by 40 hours (as Plaintiff contends the Court may only use non-overtime hours in calculating the regular rate).

been divided by 40 hours (instead of using 79.5, as determined by using the *Singer* analysis). Plaintiff's piecemeal method results in a regular rate of $48.08/hour – an atypically high rate for secretarial work. Both this analysis and its result are unreasonable. Although this Court, like all courts, is bound to adhere scrupulously to controlling authority, where – as here – the applicability of relevant authority is ambiguous, the Court is not bound to adopt an approach that leads to a manifestly unreasonable result.

Determining Plaintiff's hourly rate given the unusual facts of this case proved difficult, as is evidenced by the fact that Plaintiff, Defendants, and the Court each used a different formula and arrived at a different rate. Because Plaintiff's work schedule closely resembled that of the firefighters in *Singer* – in terms of being regularly assigned a set number of days on followed by a set number of days off, for a fixed salary – the *Singer* analysis provides the most logical method for establishing Plaintiff's regular rate. The Court rejects Plaintiff's request to recalculate the regular rate using 40 hours/week, or any other number, as the divisor of the weekly rate.

### III.    CAR ALLOWANCE

Plaintiff also argues that the Court erred in excluding the $10,000 car allowance from the calculation of the regular rate of pay because it does not fall within the literal terms of any of the statutory exclusions in 29 U.S.C. § 207(e). Defendants do not respond to this argument, and, in fact, include the car allowance in their own calculation of the regular rate. Plaintiff is correct that the car allowance should have been included in the regular rate. The regulations applicable to 29 U.S.C. § 207(e) specifically state:

> If the employer reimburses the employee for expenses normally incurred by the employee for his own benefit, he is, of course, increasing the employee's regular rate thereby. An employee normally incurs expenses in *traveling to and from work*, buying lunch, paying rent, and the like. If the employer reimburses him for

> these normal everyday expenses, the payment is not excluded from the regular rate as "reimbursement for expenses."

29 C.F.R. § 778.217(d) (emphasis added).  The testimony at trial made it clear that the car allowance was intended to compensate Plaintiff for her trip to and from work, because she lived far from work.  Plaintiff's regular rate must therefore be recalculated to account for the $10,000 car allowance.

The Court recalculates Plaintiff's damages using the analysis previously set forth in the Memorandum and Order, signed on June 8, 2005.  Plaintiff made $50,000/year to work for 26 weeks; Plaintiff's weekly salary is thus $1923.08,[3] and her hourly rate is $24.19.[4]  Her overtime rate is $36.29,[5] so she is owed $7512.03 in overtime pay.[6]  Adding $4166.67 for her final month of work, which was never paid, Defendants owe Plaintiff $11,678.70 in unpaid wages.  Plaintiff is entitled to receive an additional $11,678.70 in liquidated damages, for a grand total of $23,357.40.

## IV.  FLUCTUATING WORK WEEK

Defendants re-urge their argument that the Court should apply the fluctuating work week ("FWW") method in calculating the rate of overtime, citing *Samson v. Apollo Resources, Inc.*, 242 F.3d 629 (5th Cir. 2001), for the proposition that the employee, not the employer, has the burden of proving compliance with the requirements of the FWW method.  Defendants' argument is misguided.

In *Samson*, the plaintiffs had worked for Apollo, Inc., an oilfield services company. During their employment, the plaintiffs were paid under the FWW method.  Apollo had adopted the FWW method after consulting with the Assistant District Director of the Wage and Hour

---

[3] $50,000 divided by 26.
[4] $1923.08 divided by 79.5 hours.
[5] $24.19 multiplied by 1.5.
[6] $36.29 multiplied by 207 hours of overtime.

Division of the Department of Labor. *Samson*, 242 F.3d at 631. Plaintiffs brought suit against Apollo, claiming that its use of the FWW method was unlawful, and alternatively, that Apollo improperly administered the FWW method. *Id*. at 632. In beginning its analysis, the court held that "the employee bears the burden of proving that the employer failed to properly administer the FWW method" because "[g]enerally, a plaintiff suing under the FLSA carries the burden of proving all elements of his or her claim." *Id*. at 636.

Defendants argue that the Court erred in this case by not placing the burden of proof on Plaintiff in determining whether the FWW method applies. Plaintiff, however, never claimed that Defendants unlawfully used, or improperly administered, the FWW method – neither side ever mentioned the FWW method. Plaintiff cannot be expected to prove something that is not an element of her claim. Defendants now argue that the FWW should apply, that Plaintiff has the burden of proving that it does not apply, and Plaintiff did not meet this burden, therefore the FWW applies. This is a tortured view of the law. The FWW method was never an issue at trial, and Defendants cannot now make it one.

**V.    CONCLUSION**

Defendant's Motion to Reconsider Final Judgment (Doc. #87) is **DENIED**. Plaintiff's Motion to Modify Judgment (Doc. #84) is **GRANTED IN PART** and **DENIED IN PART**. Defendants are jointly and severally liable to Plaintiff for the sum of $23,357.40, plus post-judgment interest at a rate of 3.46%.[7]

IT IS SO ORDERED.

SIGNED this 6th day of July, 2005.

---

[7] The post-judgment interest rate is determined by the date judgment is entered; therefore it was adjusted based on the modified entry of judgment.

_____
Keith P. Ellison
United States District Judge

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**