IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAGGIE HOWE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | Civil Action No. H-03-4298 |
| v. | § | |
| | § | |
| | § | |
| HOFFMAN-CURTIS PARTNERS, LTD LLP | § | |
| HOFFMAN-CURTIS PA | § | |
| HORIZON RADIOLOGY PA | § | |
| FRANK C. POWELL | § | |
| HANS H. THRUONG | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.    HISTORY OF PROCEEDING**

This proceeding was brought as a claim for overtime under the Fair Labor Standards Act. It has lasted for more than three and one-half years, and does not appear to be near final resolution. The Court cannot help but note that defendants' misconduct has been responsible not only for the underlying judgment, but also for a continuing pattern of obstructionism. That defendants should now be compelled to pay plaintiff's attorneys fees and respond to her discovery requests are unfortunate but entirely foreseeable consequences of defendants' deliberate and contumacious behavior.

Plaintiff now seeks:

1) To compel responses to post-judgment discovery;

2) To obtain attorneys' fees incurred during post-judgment collection efforts;

3) To require the reissuance of a check for attorneys' fees, which includes post-judgment interest; and

4) To require the reissuance of a check for costs of court, which includes post-judgment interest.

Plaintiff is entitled to all the relief she is seeking.

## II. DISCUSSION

To take up these issues in inverse order, it is too clear to need any discussion that interest accrues on amounts awarded in a judgment. *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 544-45 (5th Cir. 1983). Moreover, defendants' unwillingness to issue a check to the law firm plaintiff has authorized to receive payment is borderline sanctionable. Proper checks, to the requested payee and including post-judgment interest, should be delivered not later than noon on April 18, 2007.

Plaintiff's request for $30,626.75 in attorneys' fees for post-judgment collection efforts is also amply merited. Although the total does seem high relative to the usual post-judgment collection effort, little about this case has followed the usual pattern. In view of defendants' conduct, the Court finds and holds that plaintiffs' attorneys needed to expend the time and effort reflected in the affidavits that have been submitted.

Finally, plaintiff seeks discovery of information as to the attorneys' fees of defendants during appeal. Defendants oppose the request, but nonetheless wish to argue that plaintiff's fees are unreasonably high. Defendants cannot have it both ways. To the extent defendants wish to argue the unreasonableness of plaintiffs' fees, discovery regarding their own fees is relevant and not unduly burdensome. *Ruiz v. Estelle*, 553 F. Supp. 567, 584 (S.D. Tex. 1982).

Defendants have three options:

1) Not argue that plaintiff's fees are unreasonable;

2) Stipulate that their own fees are higher; or

3) Comply with pending discovery requests as to their own fees.

If defendants choose the third option, they should comply with all applicable provisions of the Federal Rules of Civil Procedure and the Local Rules. A privilege log should be prepared for any information sought to be withheld on grounds of privilege.

### III. CONCLUSION

Defendants are cautioned, for what the Court hopes will be the final time, that they are to comply, in good faith, with the orders of this and any other Court. Further delay or difficulty from defendants will lead to sanctions.

Signed at Houston, Texas on this 12th day of April 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE